UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
PAUL THOMAS C.,

                          Plaintiff,          DECISION AND ORDER
                                            1:23-cv-09788-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In March of 2021, Plaintiff Paul Thomas C.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Olinsky Law Group, Howard David Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

      This case was referred to the undersigned on October 11, 2024. The parties agree that the denial of benefits cannot be sustained and that a remand is required. Plaintiff requests a remand for calculation of benefits;

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

the Commissioner advocates a remand for further administrative proceedings. For the following reasons, this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.   *Administrative Proceedings*

Plaintiff applied for benefits on March 17, 2021, alleging disability beginning March 15, 2020. (T at 224).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on July 21, 2022, before ALJ Kieran McCormack. (T at 41-89). Plaintiff appeared with an attorney and testified. (T at 53-78). The ALJ also received testimony from Kenneth Smith, a vocational expert. (T at 78-86).

### B.   *ALJ's Decision*

On August 4, 2022, the ALJ issued a decision denying the application for benefits. (T at 13-40).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2026 (the date last insured). (T at 18).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

The ALJ concluded that Plaintiff's multiple sclerosis, thoracic disc osteophyte complex with disc protrusion, cervical disc osteophyte complex with stenosis, major depressive disorder, and generalized anxiety disorder were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 19).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he cannot climb and can perform no more than occasional pushing or pulling. (T at 22).

The ALJ further found Plaintiff limited to low stress work, defined as jobs requiring no more than simple, routine, and repetitive tasks; simple work-related decisions; no more than occasional workplace changes; and only occasional interaction with supervisors, coworkers, and/or the general-public. (T at 22).

The ALJ concluded that Plaintiff could not perform his past relevant work as a cargo agent. (T at 33).  However, considering Plaintiff's age (27 on the alleged onset date), education (at least high school), work

experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 33-34).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 15, 2020 (the alleged onset date) and August 4, 2022 (the date of the ALJ's decision). (T at 35). On September 21, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on November 6, 2023. (Docket No. 1). On May 10, 2024, Plaintiff filed a brief in support of a remand for calculation of benefits. (Docket No. 12). The Commissioner interposed a brief arguing for a remand for further administrative proceedings on July 23, 2024. (Docket No. 17). On August 6, 2024, Plaintiff submitted a reply brief in further support of his position. (Docket No. 18).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear,

5

remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

  B. *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Because the parties agree that a remand is required the only issue is which type of remand is appropriate.

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002)(quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Where the record is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted. *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

In the present case, Plaintiff contends a remand is required because the ALJ's step five determination was flawed.

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

Here, the ALJ found that Plaintiff could perform work that exists in significant numbers in the national economy. In reaching this conclusion, the ALJ relied on testimony from the vocational expert that a hypothetical claimant with Plaintiff's RFC could perform the representative occupations of document preparer, addresser clerk, and touch-up screener. (T at 34).

Plaintiff argues that this finding was flawed because, as numerous courts have recognized, the document preparer and addresser clerk jobs are obsolete, and the touch-up screener position does not exist in significant numbers in the national economy.

The Commissioner does not defend the ALJ's step five determination. Indeed, the Commissioner identifies *additional* errors in the ALJ's decision. For example, the Commissioner argues that the ALJ should have reconciled an apparent conflict between the vocational expert's testimony and the reasoning requirements of the representative occupations, failed to adequately address Plaintiff's complaints of fatigue, and did not appropriately consider evidence of limitation in Plaintiff's ability to attend to his activities of daily living.

The Court recognizes that, as Plaintiff contends, remanding for further proceedings when the Commissioner has committed error(s) risks creating a "heads we win, tails let's play again" dynamic that causes delays prejudicial to deserving claimants. *See, e.g., Jeremy B. v. Comm'r of Soc. Sec.*, No. 2:18-CV-159-JMC, 2019 WL 3297471, at *10 (D. Vt. July 23, 2019) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits

adjudication.")(quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).

Nonetheless, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996); *see also Gross v. McMahon*, 473 F. Supp. 2d 384, 386 (W.D.N.Y. 2007); *Batista v. Comm'r of Soc. Sec.*, No. 3:19 CV 1660 (RMS), 2020 WL 6709096, at *5 (D. Conn. Nov. 16, 2020).

Notably,, "[r]emanding 'solely for the calculation of benefits is an extraordinary action and is proper only when further development of the record would serve no purpose.'" *Lynch v. O'Malley*, No. 22-CIV-5620-(CS)(AEK), 2024 WL 728483, at *7 (S.D.N.Y. Feb. 21, 2024)(quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)).

In a case where there is conflicting evidence, a remand for calculation of benefits is not appropriate, notwithstanding the appropriate frustration of the claimant (or, indeed, the court) with undue delay and/or the Commissioner's failure to follow applicable law and regulations. *See Newell v. Saul,* No. 19-cv-10831 (JLC), 2021 WL 608991, at *23 (S.D.N.Y. Feb. 7, 2021); *Lloyd v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018).

Here, there is conflicting evidence as to whether Plaintiff's limitations are disabling within the meaning of the Social Security Act.

Dr. Clementina Porcelli performed a consultative psychiatric evaluation in April of 2021. She diagnosed major depressive disorder (recurrent, moderate) and generalized anxiety disorder. (T at 617). Dr. Porcelli opined that Plaintiff had moderate impairment with respect to: understanding, remembering, and applying complex instructions; interacting adequately with supervisors, coworkers, and the public; sustaining concentration and performing a task at a consistent pace; and regulating his emotions and maintaining his well-being. (T at 617).

The ALJ also referenced mental status examinations in which Plaintiff demonstrated intact or mildly impaired attention and concentration (T at 383, 616, 711, 716, 722, 742, 766), intact comprehension (T at 383, 711), normal alertness (T at 711, 716, 722, 742, 766), average cognitive functioning (T at 383, 616), and normal frustration tolerance (T at383).

Courts in this Circuit have concluded that ALJs can appropriately account for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contact with others *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014); *see also Sanchez v. Saul*, No. 18CV12102 (PGG) (DF), 2020 WL 2951884, at *27

(S.D.N.Y. Jan. 13, 2020); *Miller v. Berryhill*, No. 6:16-CV-06467(MAT), 2017 WL 4173357, at *6 (W.D.N.Y. Sept. 20, 2017); *Sophie H. v. Saul*, No. 5:18-CV-375 (CFH), 2019 WL 3975455, at *7 (N.D.N.Y. Aug. 22, 2019).

A remand for calculation of benefits is reserved for cases in which the "record[ ] provided persuasive evidence of total disability that rendered any further proceedings pointless." *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999). This is not such a case.

As Plaintiff recognizes, the primary reason for remand here is the Commissioner's flawed step five analysis, which is the type of error best addressed in the first instance by further proceedings.

The Court "is not the proper authority to assess the types of jobs [Plaintiff] could perform and how many positions exist in the national economy." *Medranda v. O'Malley*, No. 23 CIV. 6633 (SLC), 2024 WL 4100567, at *8 (S.D.N.Y. Sept. 6, 2024)(*citing Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011)(declining claimant's "invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her"); *Angi W. v. Comm'r of Soc. Sec.*, No. 21 Civ. 0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023) ("[T]he Court would be loath to conduct its own analysis of job types and job availability and second guess the vocational expert's conclusions.").

Indeed, "where there are conflicts or ambiguities in the [vocational expert's] testimony, the ALJ has an 'independent, affirmative obligation ... to undertake a meaningful investigatory effort' to clarify the VE's testimony, and failure to fulfill that obligation warrants further administrative proceedings." *Medranda*, 2024 WL 4100567, at *8 (citing *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019) and *Gibbons v. Comm'r of Soc. Sec.*, No. 22-2730, 2023 WL 3830774, at *2 & n.3 (2d Cir. June 6, 2023)).

For these reasons, the Court finds that a remand for further proceedings is the appropriate remedy. On remand, the ALJ should address Plaintiff's complaints of fatigue and the evidence of limitation in Plaintiff's ability to attend to his activities of daily living. After reconsidering Plaintiff's RFC, the ALJ should conduct a proper step five analysis to determine whether Plaintiff can perform work that exists in significant numbers in the national economy.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's denial of benefits is reversed; Plaintiff is GRANTED judgment on the pleadings; and this case is remanded for further administrative proceedings consistent with this

Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: November 5, 2024                    *s/ Gary R. Jones*
                                                           GARY R. JONES
                                                           United States Magistrate Judge